BEFORE THE THIRD DIVISION, MARCH 4, 1963

**No. 67485.**—Stern Morgenthau & Co., Inc. v. United States, petition 7255-R (New York).

DONLON, Judge: This is a petition for remission of additional duties that were assessed under section 489, Tariff Act of 1930, on merchandise which was imported from England and entered at New York on October 16, 1950.

The official papers are in evidence. They show that, on October 13, 1950, 3 days before entry, the customs examiner at New York tentatively approved entry on the basis of export value and at the invoice dollar prices that were then sub-

mitted to him by the importer, subject to information to be obtained by the importer as to home market value in England. Upon receipt of such information, obtained by the importer and duly submitted to the customs examiner, the appraiser appraised the merchandise on the basis of foreign value, stated in sterling. This value was higher than the entered dollar value.

Appeal to reappraisement was the subject of protracted litigation. The appeal was dismissed on March 28, 1961, thus affirming the basis of appraisement and value found by the appraiser. (*Stern Morgenthau Co., Inc.* v. *United States*, reappraisement 211684–A.)

Petitioner has the burden of showing affirmatively that "the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise." (Section 489, Tariff Act of 1930.)

James B. Herzog, who was president of the petitioning firm, Stern Morgenthau & Co., Inc., at the time of this importation, and Samuel Stern, a partner in S. Stern & Co., the custom broker who prepared the entry, both testified. From their testimony, it is clearly shown that they cooperated in furnishing to the examiner all information in their possession as to the value of merchandise and that they did not conceal or misrepresent any facts.

Counsel have stipulated that the report of the customs agent assigned to investigate the petition herein "did not disclose any intent to defraud the revenue of the United States." (R. 24.)

The petition for remission is granted. Judgment will enter for petitioner.